The following is the opinion of the court below (Gaynor, J.):

The relator institutes a comparison with other property not in the same circumstances or category with his own. Compared with like property it was not assessed excessively. Judgment for defendant without costs in both cases.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frederic R. Kellogg, for appellants.

George S. Coleman (Henry C. Johnson, on the brief), for respondents.

Order affirmed, with $10 costs and disbursements. All concur.

---

MOULTON v. TORPIE et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. GAMING—BET AT RACE COURSE—RECOVERY—INTENTION IN MAKING WAGER.
　　Under Laws 1895, p. 377, c. 570, § 17, declaring that any person who shall make any bet or wager on the result of any contest of speed or endurance of horses taking place on a race course authorized by that act shall forfeit the value of any money or property so wagered, received, or held by him, to be recovered in a civil action by the person with whom such wager is made, the intention of the bettor other than that of making a bet is immaterial; so that in an action to recover the amount of a bet it is error to charge that plaintiff is not entitled to recover unless he made the bet in the ordinary way, without the intention of bringing an action for its recovery if he lost.

2. SAME—OWNERSHIP OF MONEY—EVIDENCE—QUESTION FOR JURY.
　　In an action under Laws 1895, p. 377, c. 570, § 17, to recover a bet made at a race course, evidence considered, and *held* sufficient to justify submission to the jury of an issue as to whether plaintiff was the owner of the money wagered.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Raymond P. Moulton against William J. Torpie and others. From a determination of the justices appointed to hear appeals from the Municipal Court reversing a judgment for defendant Torpie, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

DeLancey Nicoll, for appellant.
M. M. Dolphin, for respondent.

VAN BRUNT, P. J. This action was brought to recover the sum of $50, the amount of a bet made on the 11th of October, 1902, on a horse race at the Morris Park race track, which is controlled and managed by the Westchester Racing Association. The defendant Torpie, the appellant, occupied a stand or booth located upon the grounds of the association, and there carried on the form of gambling described as "book-making." Upon the trial the complaint was dismissed as to the racing association. The case was submitted to the jury as to the defendant Torpie, and a verdict was rendered in his favor. From the judgment thereupon entered the plaintiff appealed to the Supreme Court, and the appeal was thereupon duly heard by the Justices of the Supreme Court duly assigned to hear such appeals, who affirmed the judgment as to the Westchester Racing Association, and reversed the judgment as to the defendant Torpie, and ordered a new trial of the action as to him. 84 N. Y. Supp. 871. From this determination against him, the defendant Torpie, by leave of the said justices, appealed to the Appellate Division.

It appears from the record that the justice who tried the case charged the jury that the plaintiff could not recover unless the bets were made in the ordinary and usual course of bets, and not with the intention on the part of the plaintiff of bringing an action for its recovery if he lost, and unless he was acting for himself and not another. Both of these propositions were declared to be erroneous by the justice hearing the appeal. The act under which this action is brought reads as follows:

"Any person who upon any race course, authorized by or entitled to the benefits of this act, shall make or record directly or indirectly any bet or wager on the result of any trial or contest of speed or power of endurance of horses, taking place upon such race course, shall forfeit the value of any money or property so wagered, received or held by him to be recovered in a civil action by the person or persons with whom such wager is made or by whom such money or property is deposited. This penalty is exclusive of all other penalties prescribed by law for the acts in this section specified, except in the case of exchange, delivery or transfer of a record, registry, memorandum," etc. Chapter 570, p. 377, Laws 1895, § 17.

It will be seen that the right to a recovery is absolute. It does not depend upon any question of intention as to what the bettor will do in case he loses. The receipt of the money gives the right of action. The forfeiture takes place at once, the only question of intention possibly being that with which the money was received. If upon a bet

or wager, the statute operates; the intention of the bettor, other than that, of making a bet, being entirely immaterial.

Upon the other point raised upon this appeal I think that the justices below were in error. It was held by them that there was no evidence which justified the justice trying the case to submit to the jury the question as to the interest of the plaintiff in the money wagered. They put their decision upon the ground that, as both De Lacy and the plaintiff had sworn that the money was the plaintiff's, and, as there was no other witness to show to the contrary, there was no evidence justifying the jury in holding as they did that the money was De Lacy's, and the speculation was his, and not the plaintiff's. As I read the evidence, I do not see how the jury could have come to any other conclusion but that De Lacy was the principal in the whole enterprise. Of course, the jury were not bound by the plaintiff's evidence as to the ownership of the money. They were, of course, bound to consider it; but if, for any reason, they did not think it entitled to credit, he being an interested party, they had a right to reject such part of it as they saw fit, and draw conclusions from the facts deemed established different from those presented by the witness.

But it is said that this rule does not apply to the evidence of De Lacy. It is true that De Lacy was not a party to the action; but if it appeared from the evidence in the action that the statement that he (De Lacy) made was not true as to the nature of the relations existing between himself and the plaintiff, that they were not those of borrower and lender, the jury had a right so to find, notwithstanding the fact that De Lacy had sworn to the contrary, and had been put on the stand as a witness by the defendant. The jury had a right to consider that De Lacy was a hostile witness. He went with the plaintiff to his lawyer to have the suit brought. The plaintiff never paid any money to the attorney bringing the action. He was De Lacy's attorney, and the plaintiff went to De Lacy's attorney at his suggestion. There was sufficient shown to establish De Lacy's interest in the outcome of the litigation, and the jury had a right to say that such interest, if no other existed, rendered his testimony subject to suspicion.

Upon an examination of the evidence it seems to me that there was ample to justify the jury in finding that De Lacy was the principal in this business. The nature of the evidence as to the manner of the commencement of the acquaintance of the plaintiff and De Lacy; the facts of the repeated so-called loans made by De Lacy to the plaintiff, a stranger to De Lacy; the fact that plaintiff went to the race track to enable De Lacy to bring suits; that the plaintiff reported all his doings to De Lacy, and went with De Lacy to his attorney; the expectation that Steinhardt & De Lacy were to bring the suits; no memorandum being kept of the money loaned; the impossibility of anybody being able to tell the amount that De Lacy loaned to the plaintiff; and many other circumstances—all pointed to the fact that the plaintiff was not working in his own interest, but in that of another. In view of all these suspicious features attending the claim that this money was loaned, I do not see how it can be said that there

was no evidence from which the conclusion could be drawn that the plaintiff was a sham. I think, therefore, that, although we must affirm the determination of the justices below, they were in error in holding that there was nothing to go to the jury as to who was the real party in interest.

The determination appealed from should be affirmed, with costs to the respondent in this court to abide event. All concur.