RODEN LIGHTBODY et al., Copartners under the Name of LIGHTBODY BROTHERS, Appellants-Respondents, *v.* WILLIAM RUSSELL, Doing Business as LONG ISLAND POTATO EXCHANGE, Respondent-Appellant, and CHESTER BOWLES, as Price Administrator of the Office of Price Administration, Intervener.*

Second Department, April 11, 1944.

* Motion for leave to appeal to Court of Appeals granted 267 App. Div. 987.

*Sol Rubin* for plaintiffs-appellants and respondents.

*Otho S. Bowling* for defendant-respondent and appellant.

*Morton Abrahams, Fleming James, Jr., David London, Edward H. Hatton* and *Harry N. Stein* for Chester Bowles, Price Administrator of the Office of Price Administration, *amicus curiæ.*

MEMORANDUM BY THE COURT. The second defense, that the plaintiffs conspired to violate the statutes and regulations in respect of ceiling prices of the tractor here involved and to induce the defendant to violate the same, is insufficient in law. It does not contain factual allegations of deceit or positive fraud perpetrated by plaintiffs on the defendant. The conclusory character of its allegations precludes interpreting the language thereof as having such a broad effect. The plaintiffs may not under the present pleadings be deemed to be *in pari delicto* with the defendant and for that reason barred from invoking the right given by the statute to sue for treble damages. [*Tench* v. *Lawson,* 225 App. Div. 198, 200; *O'Connor* v. *Bankers Trust Co.,* 278 N. Y. 649; *Watts* v. *Malatesta,* 262 N. Y. 80; 5 Williston on Contracts (1937 ed.) § 1632; Emergency Price Control Act of 1942, § 205, subd. (e), U. S. Code, tit. 50, Appendix, § 925, subd. (e); Maximum Price Regulation No. 341 (8 Federal Register, p. 3971); *Moulton* v. *Westchester Racing Assn.,* 95 App. Div. 276, 278.]

The complaint sufficiently alleges that plaintiffs were purchasers from the defendant under circumstances which estab-

lished that they were buying the article " for use or consumption," that is, as ultimate consumers, and that they were not buying " in the course of trade or business " within the meaning of the statute and regulations cited (*supra*). The cause of action authorized by the statute under such circumstances as a matter of pleading vests in the plaintiffs. If the pleaded, ultimate fact be not sustained by evidentiary proof, a finding must follow that the cause of action does not vest in plaintiffs.

Order dated November 22, 1943, denying plaintiffs' motion to strike out the second defense in defendant's answer as insufficient in law, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the defendant to serve an amended answer within ten days from the entry of the order hereon.

Order dated January 10, 1944, denying defendant's motion under rule 112, Rules of Civil Practice, for judgment dismissing the complaint, affirmed, with ten dollars costs and disbursements.

CARSWELL, LEWIS and ALDRICH, JJ., concur; CLOSE, P. J., dissents and votes to reverse the order denying defendant's motion for judgment on the pleadings and to grant the motion; and to dismiss the appeal from the order denying plaintiffs' motion to strike out the second defense in defendant's answer, in opinion in which ADEL, J., concurs.

CLOSE, P. J. (dissenting). The statute under which the plaintiffs sue (Emergency Price Control Act of 1942, 56 U. S. Stat. 23) provides in subdivision (e) of section 205 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)] that: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States * * *."

In their complaint the plaintiffs allege in substance that the defendant sold to the plaintiffs and the plaintiffs purchased

from the defendant a certain tractor "for use by these plaintiffs as the ultimate consumer." In our opinion, such an allegation is insufficient to authorize an action by these plaintiffs.

Subdivision (a) of section 4 of the Emergency Price Control Act [U. S. Code, tit. 50, Appendix, § 904, subd. (a)] reads: "It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, * * * or otherwise to do or omit to do any act, in violation of any regulation or order under section 2, or of any price schedule effective in accordance with the provisions of section 206, or of any regulation, order, or requirement under section 202 (b) or section 205 (f); or to offer, solicit, attempt, or agree to do any of the foregoing."

A casual reading of this section discloses that, if the plaintiffs purchased the tractor for use and consumption in the course of their trade or business, they also are violators of the section, and the cause of action is vested in the Price Administrator.

This conclusion is in accord with the interpretation of the Emergency Price Control Act by the Administrator of the Act. Prior to the sale involved in this action, the Price Administrator issued an official interpretation of the phrase "in the course of trade or business," as applied to buyers, and stated "The phrase 'in the course of trade or business' applies to purchases by industrial and commercial consumers as well as to purchasers for resale. In general it applies to buyers engaged in commercial activity for profit" (O. P. A. Service, p. 11: 804). This construction is in harmony with the legislative intent. (Senate Report No. 931, 77th Cong., 2nd Sess., p. 8; House Rep., Conf., 77th Cong., 2nd Sess., 1942, No. 1658, pp. 26-27.) Under settled authority, the interpretation placed upon this section by the Price Administrator is entitled to great weight. "This is peculiarly true here where the interpretations involve 'contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion, of making the parts work efficiently and smoothly while they are yet untried and new.'" (*United States* v. *American Trucking Assns.*, 310 U. S. 534, 549.) Mr. Justice JACKSON, speaking for the court in respect to the interpretation placed upon a revenue act by the Treasury Department, said "As such, they are entitled to serious consideration." (*White* v. *Winchester Club*, 315 U. S. 32, 41.)

It seems clear that subdivision (e) of section 205 of the Act divides purchasers of commodities into two classes — those who purchase for use in trade or business or, in other words, for a commercial use; and those who purchase for a personal and noncommercial purpose. Both may be ultimate consumers, but only the latter is vested with authority under the act to bring a personal action. In an action to recover a penalty, the plaintiff should be compelled so to state the facts as to bring himself clearly within the purview of the statute exacting the penalty. This complaint fails to meet that test and fails to state a cause of action.

The order denying defendant's motion for judgment on the pleadings should be reversed on the law and the motion granted.

The appeal from the order denying plaintiffs' motion to strike out the second defense in defendant's answer should be dismissed, without costs.