[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff commenced this multi-count complaint against the defendants, a real estate agent and her brokerage firm, seeking damages for misrepresentation and other alleged tortuous conduct. The plaintiff alleges that on September 21, 1999, he entered into a contract to purchase a home in West Simsbury, Connecticut and placed a deposit of $100,000 with the defendants, who were acting as the sellers' agents. He further alleges that the purchase did not take place because he terminated the contract pursuant to its terms when radon tested at an unsafe level at the premises. The plaintiff subsequently brought an interpleader action on October 27, 1999, against the sellers and the defendants (as holders of the escrowed funds) for the return of his deposit.
The interpleader proceeding concluded on September 30, 2000, after the sellers agreed to return the deposit and an agreed-upon amount was forwarded to the plaintiff. On receipt of payment, the plaintiff issued a release to the sellers, declaring in relevant part as follows:
 Mark B. Fox, for . . . consideration . . . paid by [sellers] . . . has remised, released, and forever discharged, and by these presents does for himself, his successors, heirs, representatives, and assigns, remise, release and forever discharge the said [sellers], their successors, heirs, representatives, and assigns of all causes of action, suits . . . claims and demands whatsoever in law or equity, which against [the sellers] he ever had, now has or which its [sic] successors and assigns, hereafter can, shall or may have . . . especially in connection with all claims arising from a certain contract for the sale/purchase of certain real estate formerly owned by [the sellers] . . . upon which a certain civil action CT Page 15729 . . . is based, which action shall be withdrawn against [the sellers] with prejudice.
The plaintiff commenced the present suit, claiming that the defendants are liable to him for the costs of the interpleader action. The claim is that when the plaintiff became aware of the poor radon test results, he asked the defendant agent to obtain an extension of time from the sellers to allow for more radon testing before he had to opt out of the contract. The plaintiff claims that the seller's agent misrepresented that the sellers would not permit an extension when she had not even asked them if such an extension were possible. According to the plaintiff, had the extension been assented to by the sellers, the closing would have taken place and the action for interpleader would not have been necessary. The plaintiff seeks his attorneys fees for bringing the interpleader and this action, as well as interest on his funds from the time he requested the return of his deposit to the settlement of the interpleader.
The defendants have filed an answer denying the plaintiffs allegations. They have also moved for summary judgment on two points. The first is that they are within the scope of the release, as issued by the plaintiff at the conclusion of the interpleader, as it includes the phrase "sellers' representatives." The defendants claim that as the sellers' agents they were also the seller's "representatives." The plaintiff denies that the term "representatives" was meant to include the seller's agent and the real estate company.
The use of the term "representatives" in the release is ambiguous. SeeLunders v. Snyder, 963 P.2d 372, 377 (Idaho, 1998). "Representatives" here most likely refers to the sellers' legal successors[1], Husers v.Papania, 22 So.2d 755, 757 (La.App. 1945), although it is possible that the term was used to include an agency relationship. Gordon v. Busick,203 S.W.2d 272, 276 (Tex.App. 1947).[2]
The intent of the parties governs the issue of the scope of the release. Such evidence from the release itself as well as extrinsic evidence must be considered by the trier of fact. The case of R.T.Vanderbilt v. Continental Cas. Co., Superior Court, judicial district of Waterbury, Docket No. 97 0151482 S (August 16, 2002, Sheldon, J.) denied summary judgment where the defendant claimed to be protected by a release. As in this case, the court found that there were outstanding issues of fact and relied on the case of Winston v. MezzanineInvestments, L.P., 648 N.Y.S.2d 493, 499 (N.Y. Supreme Court, 1996): "[I]f a contract provision is reasonably susceptible of more than one interpretation, facts and circumstances extrinsic to the agreement can be CT Page 15730 considered to determine the intention of the parties." See also FMNManagement Services, Inc. v. Kolb Louwasser, Court of Appeals of Wisconsin, No. 98-2963 (May 2, 2000) (allowing parties to develop meaning of "agent" as used in a release).
The plaintiff has set forth in two affidavits accompanying his opposition to the motion for summary judgment that he had no intention of releasing the defendant agent or agency at the conclusion of the interpleader. Thus there is a genuine dispute of fact that precludes summary judgment. Fidelity Bank v. Krenisky, 72 Conn. App. 700, 704
(2002).
The second claim of the defendants on summary judgment addresses counts one and two of the plaintiffs complaint which are based upon allegations of fraudulent and negligent misrepresentation. The parties agree that misrepresentation is found where a person makes a false statement, relied upon by another, that results in damage. Cadle Co. v. Ginsberg,70 Conn. App. 748, 769 (2002). The defendants argue that they are entitled to prevail as a matter of law because the plaintiffs damages, if any, resulted from his terminating the contract, not from the agent's statements. The plaintiff contests this in his affidavit (paragraphs 18 and 21) claiming that had the agent not interfered with the communication between buyer and seller, the sale would likely have gone to completion. There is also a genuine dispute of fact here making summary judgment inappropriate. Fidelity Bank, supra; LoRicco v. Pantani, 67 Conn. App. 681,684 (2002).
Therefore the motion for summary judgment is denied.
 ___________________ Henry S. Cohn