**BOWLES, Price Adm'r, v. AMERICAN
STORES, Inc.**

**No. 8551.**

United States Court of Appeals,
District of Columbia.
Argued Dec. 6, 1943.
Decided Dec. 13, 1943.

Mr. Abraham Glasser, Special Appellate
Attorney, Office of Price Administration,
of Washington, D. C., for appellant.
Messrs. George J. Burke, General Counsel,
Thomas I. Emerson, Associate General
Counsel, Fleming James, Jr., Chief, Litigation Branch, David London, Head Appellate Section, and Karl E. Lachmann and
Edward H. Hatton, Attorneys, all of the
Office of Price Administration, all of
Washington, D. C., were on the brief for
appellant.

Mr. Walter E. Gallagher, of Washington, D. C., for appellee.

Before MILLER and EDGERTON, Associate Justices, and DOBIE, Circuit
Judge sitting by designation.

EDGERTON, Associate Justice.

This is an action by a consumer under §
205(e) of the Emergency Price Control
Act of 1942: "If any person selling a commodity violates a regulation, order, or
price schedule prescribing a maximum
price or maximum prices, the person who
buys such commodity for use or consumption other than in the course of trade or
business *may bring an action* either *for*

*$50* or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court."[1]

On November 14, 1942, in a store of appellee in Washington, D. C., a consumer paid 14¢ for a can of "Old Style" Campbell's soup. The ceiling price was 10¢. On the same shelf were cans of Campbell's "New Recipe" soup on which the ceiling price was 14¢. The prices were correctly posted on the walls, and the shelves were correctly marked. The can which the consumer bought had been marked 14¢ through the inadvertence of an employee of appellee. There was no evidence of intent to violate the price ceiling.

The consumer filed a suit for $50 against appellee in the Small Claims and Conciliation Branch of the Municipal Court for the District of Columbia. Under the authority of § 205(d) of the Act, the Price Administrator intervened. The plaintiff recovered judgment for only $5, together with costs, and the Administrator appealed to the Municipal Court of Appeals. That court, Judge Hood dissenting, affirmed the judgment of the trial court,[2] and we allowed the Administrator an appeal. His right to be here is clear and undisputed.

Appellee's brief quotes this language from the opinion of the Municipal Court of Appeals in a previous case under § 205 (e): "To 'bring an action' * * * is synonymous with 'commencing a suit' * * *—the *first* step by which the judicial machinery is set in motion. It is conclusive of *nothing*."[3]

No statute, no overcharge, and no sale was necessary to enable the plaintiff to commence a suit against appellee. A suit is commenced by filing a complaint. Anyone can file a complaint against anybody who can be served with process. A complaint may be filed and many complaints are filed without foundation in fact or law. If § 205(e) were given the narrow

meaning which the quoted argument suggests, it would leave everyone exactly where it found him. The overcharged consumer might indeed file a complaint but, as Judge Hood pointed out in his dissenting opinion, he could prosecute the suit no further. He could recover neither the $50 which the statute prescribes nor the $5 which the Municipal Courts have awarded.

The flaw in the quoted argument is that it does not consider the statutory context of the phrase "bring an action." Though that phrase in many other contexts means only "commence a suit," it does not follow that the statutory language "may bring an action * * * for $50" means "may commence a suit for $50, which he might have done without this statute, but may not prosecute the suit to judgment." The statutory language authorizes a suit, not merely the beginning of a suit.[4] A suit for $50 includes everything from filing a complaint for $50 to recovering a judgment for $50. "May bring an action * * * for $50" is equivalent, we think, to "shall have a right of action for $50" or "shall have a right to recover $50."

Nothing in § 205(e) or in the Act suggests that the right of an overcharged consumer to recover $50 is limited to cases in which the seller's violation of the Act is willful. "Innocent non-conformity with the Price Control Act is as inflationary and as damaging to competitors and the public as guilty non-conformity."[5] Neither appellee nor the Municipal Court of Appeals suggests that inadvertence is a defense or that appellee has any defense. On the contrary, the court says and appellee does not deny that the judgment against appellee was proper.

The only question in dispute is whether the judgment should have been for $5 or $50. The position of appellee and of the Municipal Court of Appeals appears to be that the Act confers upon the trial court discretion to award the statutory sum of $50 or not to award it,

[1] 56 Stat. 23, 34, 50 U.S.C.A. Appendix, § 925(e). Italics supplied.

[2] Brown v. American Stores, D.C.Mun. App., 32 A.2d 388.

[3] Hall v. Chaltis, D.C.Mun.App., 31 A. 2d 699, 702. But cf. note 4.

[4] Despite the argument which we have quoted from Hall v. Chaltis, the Municipal Court of Appeals recognizes this. After

the quoted language, it proceeded in that case to say in substance that § 205(e) confers a "claim" which will "entitle plaintiff to judgment" unless a "defense" is made out. In the present case the court approved a judgment for $5.

[5] Brown, Administrator of the Office of Price Administration, v. Hecht Co., —— U. S.App.D.C. ——, 137 F.2d 689, 691.

as the court may think reasonable in the light of equitable considerations of fairness and policy. We think that position untenable. We find no language in the Act which has any tendency to support it. Nothing more than the unqualified language "may bring an action * * * for $50 * * *" is necessary to refute it. But it is further refuted by the fact that the same sentence of the Act, while it says nothing about reasonableness or discretion in regard to the award of $50, provides for the award of *"reasonable* attorney's fees and costs *as determined by the court."*[6] Evidently Congress had the subject of judicial discretion in mind and deliberately omitted any provision for judicial discretion in regard to the award of $50. In the Hecht case[7] we held that the unqualified right to an injunction which is conferred by § 205(a) of the Emergency Price Control Act is not limited by the court's views of fairness and policy. We think it clearer that the unqualified right to recover a sum of money which is conferred by § 205(e) is not so limited.[8]

Congress foresaw that the task of enforcing the Act against retailers would be too vast for the Administrator to accomplish without the help of consumers. The plain purpose of the $50 clause is to enlist the help of consumers in discouraging violations. The plain meaning of its language need not be, but is, confirmed by its legislative history. The report of the Senate Committee said of this section: "To discourage initial violations, the committee substitute provides for actions at law to recover $50 or three times the amount of the illegal overcharges. *This will permit* private purchasers who buy for personal use or consumption, rather than in the course of trade or business, to protect themselves against violations of the Act."[9] The Conference Report said that this section "permits a civil action * * * for treble the amount of any unlawful overcharge *(or a minimum of $50)* * * *."[10] No committee of Congress said anything to suggest that this section permits an action "for *not more than* $50 or three times the amount of the illegal overcharges," or "for $50 or three times the amount of the illegal overcharges *or such smaller sum as the court may think equitable.*"

The filing and prosecution of a small suit may or may not cost the plaintiff a substantial amount of money, but any suit takes time and effort. Most people have little time or taste for this sort of effort. Congress made $50 a floor and not a ceiling in order to give overcharged consumers the necessary incentive to sue. The Municipal Court of Appeals says the judgment for $5 "served the purpose of adequately compensating the consumer for the overcharge * * *."[11] This may be true, but consumers will not sue upon a small overcharge if they are compensated for nothing but the overcharge.

The Municipal Court of Appeals reasons that "Congress could not have intended to penalize alike the inadvertent mistake of the merchant who honestly and intelligently endeavors to comply with the law and the contumacy of one who dishonestly violates it."[12] But this reasoning overlooks the fact that the aim of § 205(e) is not to "penalize." That purpose is served by § 205(b), which provides criminal penalties and is limited to willful violations. Section 205(e) reflects the view that occasional hardship to one who honestly and intelligently endeavors to comply with the law is not too high a price to pay for the protection of the whole community against inflation.

Reversed.

---

[6] Italics supplied.

[7] Supra, note 5.

[8] The phrase "shall be liable" in the Fair Labor Standards Act, 52 Stat. 1060, 1069, 29 U.S.C.A. § 216(b), requires the award, over and above unpaid overtime pay, of "an additional equal amount as liquidated damages" even though the result be harsh in the particular case. Missel v. Overnight Motor Transportation Co., Inc., 4 Cir., 126 F.2d 98, affirmed 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. Appellee urges that Congress did not use the phrase "shall be liable" in the Price Control Act. But Congress is under no obligation to use old language to express an old idea. New language which is unambiguous is equally effective.

[9] Sen.Rep. No. 931, 77th Cong., 2d Sess. (1942) p. 8. Italics supplied.

[10] H.R.Rep. No. 1658, 77th Cong., 2d Sess. (1942) p. 26. Italics supplied.

[11] 32 A.2d 388, 389.

[12] Id.