MILDRED ZWANG, Appellant, and CHESTER BOWLES, as Price Administrator, Intervener, Appellant, *v.* A. & P. FOOD STORES, Respondent.

Supreme Court, Appellate Term, First Department, February 17, 1944.

*Morton Abrahams* and *Jerome Count* for appellants.

*Michael J. O'Neill* for respondent.

SHIENTAG, J. In an action brought under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) to recover damages in the sum of fifty dollars by reason of the sale by the defendant to the plaintiff consumer of certain food products at a price in excess of the ceiling price prescribed pursuant to that Act, it is not a defense

(a) that there was no intent on the part of the defendant to violate the provisions of the Act, or of the regulations adopted pursuant thereto after they had been properly promulgated and become effective, or that the excess price was charged because of a mistake made in good faith; or

(b) that the plaintiff consumer knew when she purchased the food product that she was being charged a sum in excess of the ceiling price; or

(c) that before the commencement of the civil action the defendant, when its attention was called to the improper charge, offered to return to the consumer the excess above the ceiling price.

The Emergency Price Control Act of 1942 is an important war measure designed to protect the country against the hardships and the evils of inflation. The Congress found that the country was faced with a restricted supply of consumer goods for civilian use and that if the law of supply and demand were permitted to operate unchecked or unregulated by law, prices would rise abnormally, the economic structure of the country would be undermined and the efficiency of the war effort impaired. Congress alone is the judge of the economic soundness, the fairness, and the necessity of this important emergency measure. With those considerations the courts have no concern. Having the power to enact the legislation, the Congress likewise had the power to determine how it should be most effectively enforced. The tremendous difficulty of enforcing price control is apparent on its face. Congress concluded, and it had the right so to do, that it would be necessary to enlist the aid of consumers in enforcing the provisions of the Act. It, therefore, made provision for damage suits by consumers charged in excess of the various ceiling prices fixed pursuant

to the Act. Congress had to consider, moreover, to what extent good faith or mistake would be a defense to any proceedings brought to enforce the statute. It made a distinction in this respect between civil suits and criminal prosecutions. Subdivision (e) of section 205 of the Act [U. S. Code, tit. 50, Appendix, § 925, subd. (e)], dealing with civil suits, by its very terms, is not limited to cases of willful or intentional violation. The excessive charge, of itself, furnishes ground for civil redress irrespective of the motive or intent of the offender. On the other hand, in subdivision (b) of section 205 of the Act, dealing with criminal prosecutions, specific requirement is made that the violation must be willful or intentional. It clearly appears, therefore, that Congress intended to impose civil liability upon violators, regardless of good faith or mistake. So far as civil liability is concerned, Congress did not intend to place upon plaintiffs seeking redress, the burden of litigating the good faith of proved violators; so to have done would have discouraged or rendered ineffective the aid of consumers in enforcing the statute.

These views find support in cases directly arising under the Act we are here considering: *Brown* v. *Hecht Co.* (137 F. 2d 689); *Bowles* v. *American Stores, Inc.* (139 F. 2d 377). These views moreover are reflected in decisions dealing with similar situations arising under analogous statutes. (Under the Fair Labor Standards Act [U. S. Code, it. 29, § 201 *et seq.*]: *Overnight Motor Co.* v. *Missel*, 126 F. 2d 98, affd. 316 U. S. 572; *Emerson* v. *Mary Lincoln Candies, Inc.*, 173 Misc. 531 and 174 Misc. 353, affd. 261 App. Div. 879, affd. 287 N. Y. 577. *Feeley* v. *United States*, 236 F. 903 [violation of Federal statute prohibiting sale of intoxicants to Indians]; *United States* v. *Balint*, 258 U. S. 250 [lack of *scienter* no defense to an action for violation of the Federal Narcotic Act]; *Armour Packing Co.* v. *United States*, 209 U. S. 56 [good faith no defense to a suit for penalties arising out of carrier's exaction of illegal shipping rates].)

Subdivision (d) of section 205 [U. S. Code, tit. 50, Appendix, § 925, subd. (d)] does not confer immunity upon a person who in good faith violates any of the provisions of the Act or of the regulations, orders or requirements thereunder.

Assuming that the plaintiff consumer had knowledge at the time of paying the excessive charge that the defendant's ceiling price was illegal, that knowledge is no defense to a civil action for damages under the Emergency Price Control Act. There has always been a judicial aversion to aiding a malefactor in

profiting from his own wrong. From this well-founded aversion has sprung the doctrine that one who is himself a party to an illegal transaction may not obtain the aid of the courts but that, on the contrary, parties *in pari delicto* will be left in the situation in which they find themselves. This doctrine has no application to the case at bar. The consumer purchaser commits no offense against the Emergency Price Control Act when he pays an excessive price. One who sells at a price higher than fixed by the regulation is the violator. One who buys at excessive prices is a violator only when the purchase is made "in the course of trade or business ". In any event the plaintiff consumer here was not guilty of any fraud; she had nothing to do directly or indirectly with the fixing of the illegal ceiling price by the defendant or its employees and cannot be considered *in pari delicto* with the violator of the statute. (See *Moulton v. Westchester Racing Assn.*, 95 App. Div. 276; *MacRackan v. Bank of Columbus*, 164 N. C. 24; *Rosenberg v. Hano*, 121 F. 2d 818; *O'Connor v. Bankers Trust Co.*, 159 Misc. 920, 931, affd. 253 App. Div. 714, affd. 278 N. Y. 649.)

It follows from the foregoing that once the violation has taken place, the consumer purchaser's right of action for treble damages or for the sum of fifty dollars (whichever is greater) accrues and that no subsequent tender of the excess price affects the right to institute the action and to recover thereunder.

The appeal was properly taken by the plaintiff consumer. Under the statute the Administrator of the Emergency Price Control Act was given the unqualified right of intervention. The Administrator perfected this right in the lower court and he had lawful authority to take all steps that were necessary to carry on the appeal insofar as the judgment affected his interest in the action. The fact that the plaintiff-appellant filed no brief is immaterial; her appeal was not abandoned.

The Act is one of far-reaching, vital consequence to the country. It is probably not the type of legislation that would be enacted or tolerated in normal times. But it has to be accepted ungrudgingly in a period of great national emergency. There is no reason why any judicial construction should be placed upon the Act that would hamper its administration. On the contrary, the courts should give full effect to the intent of Congress. Hardships there will be in individual cases and such hardships were not unforeseen. They are inevitable in a statute of such broad import.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the plaintiff in the sum of fifty dollars and costs.

HECHT, J., concurs; HAMMER, J., concurs in memorandum.

HAMMER, J. (concurring). Although the Trial Justice was warranted by the evidence in holding the nonconformity and overcharge was an innocent and inadvertent error, immediately rectified on discovery accompanied by tender of restitution, that is not an available defense. Plaintiff's action may lack good intention, as suggested by the Trial Justice, but as the statute gave plaintiff the right to sue for the fifty dollars provided, neither motive nor inducement can be held to have exculpated defendant.

I concur for reversal, and the award of judgment to plaintiff.