## BOWLES, Adm'r, Office of Price Administration, v. FRANCESCHINI et al.

### No. 3997.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1944.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

Karl Lachmann, Atty., Office of Price Administration, Thomas I. Emerson, Deputy Adm'r for Enforcement, and John M. Durbin, Territorial Enforcement Atty., all of Washington, D. C. (Fleming James, Jr., Director, Litigation Division, and David London, Chief, Appellate Branch, both of Washington, D. C., of counsel), for appellant.

Frank Torres, of Ponce, Puerto Rico, for appellees.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

## MAHONEY, Circuit Judge.

The Administrator of the Office of Price Administration brought this action in the District Court to enjoin the defendants from violating the price regulations promulgated under the Emergency Price Control Act of 1942, 52 Stat. 23, 50 U.S.C.A. Appendix §§ 901–946, hereinafter called the Act, and to recover damages in the sum of $1,461.93, being three times the amount by which the alleged sales prices exceeded those permitted by the regulations.

The defendants are Enrique Franceschini and Octavio Busquet, doing business as partners under the name of "Juan E. Torres & Co., Sucrs., S. en C." They are engaged in the business of selling foodstuffs at wholesale in the City of Ponce, Puerto Rico. By stipulation, the defendants admitted that they had sold and delivered to retailers in the course of business commodities at prices which exceeded those set by the price regulations and consented to the entry of an injunction. The Administrator admitted that the transactions in question were effected by defendants in good faith. The District Court granted the injunction but dismissed the complaint as to the claim for damages. From the order of dismissal the Administrator has appealed.

■ Because the Administrator claimed damages in the sum of $1,461.93 defendants challenged the jurisdiction of the District Court on the ground that the amount in controversy does not exceed $3000. 28 U.S.C.A. § 41(1). It is sufficient to say that this limitation on the jurisdiction of District Courts is not applicable to this case arising under § 205(e) of the Act because in § 205(c) it is specifically set forth that the District Courts have jurisdiction of criminal proceedings for violations of § 4 of the Act, and concurrently with State and Territorial courts, of all other proceedings under § 205. The lower court was correct in taking jurisdiction and this court has jurisdiction of the appeal under § 128 of the Judicial Code, 28 U.S.C.A. § 225.

■ The defendants also attack the legal sufficiency of the amended complaint because it nowhere alleges the reason why the Administrator and not the buyer brings this action. They admit, however, that the sales complained of were made to retailers in the course of trade or business. Such purchasers were not buying "for use or consumption" and they are not entitled to bring suit for overcharges under § 205(e). That section provides that the Administrator may bring the action on behalf of the United States where the buyer is not entitled to bring such suit or action.

We are asked to determine whether the Administrator may recover damages under the provisions of § 205(e) for violations of the Maximum Price Regulations when such violations are committed in good faith. The pertinent provisions of that section are as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may

bring such action under this subsection on behalf of the United States. * * *"

■ The District Court dismissed the complaint as to the claim for damages because the defendants had acted in good faith in selling commodities at over ceiling prices. We think the court was in error. It cited the recent case of Hecht Co. v. Bowles, 321 U.S. 321, 325, 64 S.Ct. 587, 591. There the question before the court was whether the Administrator under § 205(a)[1] was entitled as of right to an injunction restraining violations or whether the court had some discretion to grant or withhold such relief. The Supreme Court states that it seemed apparent from the language of the statute that there was room for the exercise of discretion on the part of the District Court "For the requirement is that a 'permanent or temporary injunction, restraining order, or other order' be granted. Though the Administrator asks for an injunction, some 'other order' might be more appropriate, or at least so appear to the court." It stated that it was dealing with the requirements of equity practice and held: "Hence we resolve the ambiguities of § 205(a) in favor of that interpretation which affords a full opportunity for equity courts to treat enforcement proceedings under this emergency legislation in accordance with their traditional practices, as conditioned by the necessities of the public interest which Congress has sought to protect."

The case before us is an action for damages under § 205(e) and not an action in the nature of a suit in equity under § 205 (a). The position of the lower court appears to be that the Act confers upon the trial court discretion to grant damages or not to grant damages, as the court might think reasonable, where the seller "unwittingly" violated the price ceilings. We find no language in § 205(e) which supports this view. The statute unequivocally provides that if a seller violates the maximum price ceilings he may be subject to an action either for $50 or treble damages, whichever is greater. The court in Bowles v. American Stores, 1943, 78 U.S.App.D.C. 238, 139 F.2d 377, 379, certiorari denied 322 U.S. 730, 64 S.Ct. 947, referred to the "unqualified language" of § 205(e) and said that the argument for discretion in awarding damages in an amount less than $50 is "further refuted by the fact that the same sentence of the Act, while it says nothing about reasonableness or discretion in regard to the award of $50, provides for the award of 'reasonable attorney's fees and costs as determined by the court.'"

In the absence of any provision in the statute for the exercise of discretion upon the part of the trial court, it would seem that good faith, unless expressly provided for, cannot serve as a defense, and that if a seller violates the maximum price regulations, his liability is absolute. Bowles v. American Stores, supra; Brown v. Cummins Distilleries Corp., D.C., 53 F.Supp. 659. It may appear to be a severe hardship cast upon the seller who acts in good faith, but the protection of the public as a whole in its struggle against inflation seems to have merited the strictest sanctions in the eyes of Congress.

From the inclusion of the word "willfully" in § 205(b), which provides for criminal penalties, and its omission in § 205(e), we can reasonably infer that Congress intended to omit the word "willfully" from the latter section and that, therefore, good faith is immaterial. That Congress could make use of "good faith" as a defense when it wanted to appears in § 205 (d)[2] which provides for no liability "in

---

[1] "Sec. 205(a). Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged in or is about to engage in such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." 50 U.S.C.A. Appendix § 925.

[2] "Sec. 205(d). No person shall be held liable for damages or penalties in any Federal, State, or Territorial court, on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation, order, price schedule, requirement, or agreement thereunder, or under any price schedule of the Administrator of the Office of Price Administration or of the Administrator of the Office of Price Administration and Civilian Supply, notwithstanding that

respect of anything done or omitted to be done in good faith pursuant to * * * any regulation, order, price schedule * * *." The purpose of this section is to protect those who act "pursuant to" the provisions of, or regulations under the Act as distinguished from those who "violate" it. It does not appear that the sales made in good faith in the instant case were made "pursuant to" any provision or regulation under the Act. Section 205(d) does not apply in this situation. When the bill was before the Senate, the Committee on Banking and Currency reported that "of course Section 205(d) does not confer any immunity upon any person who violates any such provision, regulation, order or requirement". (Sen.Rep. 931, 77th Cong., 2nd Sess.) In Bowles v. Rock, D.C., 55 F.Supp. 865, 868, the court said: "For civil liability the violative act is adequate; its willfulness is not required and need not be alleged. The language of Title 50 U.S.C.A.Appendix, § 925(d) is simply inapplicable to suits brought, as this one is, under Title 50 U.S.C.A.Appendix, § 925(e), and merely absolves persons from possible liability for damages or penalties arising out of their compliance in good faith with the Act and its implementing regulations. It has no reference to liabilities created by the Act itself for its own violation." Zwang v. A. & P. Food Stores, Inc., 181 Misc. 375, 46 N.Y.S.2d 747; Maitland v. Krieger, Ct.Com.Pl. N.D., O.P.A. Service P. 622:-340.

While this action was pending, § 205(e) was amended by §§ 108(b) and 108(c) of the Stabilization Extension Act of 1944.[3] Under § 108(b) good faith is made a factor

---

subsequently such provision, regulation, order, price schedule, requirement, or agreement may be modified, rescinded, or determined to be invalid. In any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action."

[3] Sec. 205(e) as amended by §§ 108(b) and 108(c) of the Stabilization Extension Act of 1944 (Act of June 30, 1944, Public Laws 383, 78th Cong., 2nd Sess.) 50 U.S.C.A.Appendix §§ 901–946:

"'(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. * * *

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered.' (c) The amendment made by subsection (b), insofar as it relates to actions by buyers or actions which may be brought by the Administrator only after the buyer has failed to institute an action within thirty days from the occurrence of the violation, shall be applicable only with respect to violations occurring aft-

in the mitigation of damages. ":If the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation" his damage liability is reduced to "the amount of the overcharge or overcharges or $25, whichever is greater." It seems clear from the unqualified language of the Act that good faith alone is not a sufficient defense under § 108(b). Not only must the defendant show that the violations were not "willful" he must also show that he took "practicable precautions" to avoid violating the regulations before he is entitled to the benefits of the reduction in damages.

Section 108(c) of the Stabilization Act, supra, makes the amendment applicable to pending proceedings. This is not an action by a buyer, nor is it an action which may be instituted by the Administrator only after the buyer has failed to bring suit within thirty days from the occurrence of the violation. Defendants are therefore entitled to claim the benefits of the amendment.

The order of the District Court dismissing the claim for damages is reversed and the case remanded for further proceedings in accordance with this opinion.

er the date of enactment of this Act. In other cases, such amendment shall be applicable with respect to proceedings pending on the date of enactment of this Act and with respect to proceedings instituted thereafter."