## SHENK v. COHEN.
### No. 448.

Municipal Court of Appeals for the District of Columbia.

Feb. 6, 1947.

Louis H. Cohen, of New York City, for appellant.

J. E. Bindeman, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

**CAYTON, Chief Judge.**

Plaintiff recovered judgment for $330 (together with an attorney's fee of $75) representing double the amount of rent paid to defendant, during a 33 month period, in excess of the maximum rent ceiling prescribed by the District of Columbia Emergency Rent Act. (Code 1940, 45—1610.)

On this appeal, defendant's principal contention is that the major portion of plaintiff's claim accrued more than one year before the suit was filed and hence was barred by Code 1940, 12—201 which prescribes a one-year limitation upon actions "for any statutory penalty or forfeiture." Plaintiff, appellee here, contends that the action was not for a penalty or forfeiture but was an "action the limitation of which is not otherwise specially prescribed in this section" as to which a three-year limitation applies.

Unlike the Federal Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (e), our Local Rent Act provides no limitation of time for bringing suit thereunder. Our code provisions as to limitations must therefore govern. Thus we must decide whether the suit, as filed in the trial court, was for a "statutory penalty or forfeiture."

Courts have rather loosely employed the term "penalty," sometimes applying it to claims which are not truly penal in nature but arising from the authority of contracts or statutes which give one citizen the right to sue another to recover for a private wrong. That very little weight is to be given to the use of the word "penalty" in decisions unless the effect of the word is directly involved was emphasized by Justice Cardozo in Life & Casualty Ins. Co. of Tennessee v. McCray, 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987. And in Porter v. Block, 4 Cir., 156 F.2d 264, 269, a suit involving the Federal Emergency Price Control Act, the court spoke of the treble-recovery provision as involving "treble damages" and also as "penalty of treble damages"; and in its opinion on a rehearing the same court referred to "treble dam-

ages under the statute." Also, in Lambur v. Yates, 8 Cir., 148 F.2d 137, a case also involving treble damages under the Emergency Price Control Act, the court spoke of the act as "a remedial statute." This court in Hall v. Chaltis, D.C.Mun.App., 31 A.2d 699, said that in authorizing consumer actions for treble damages the Federal Price Control Act was partly remedial and partly punitive. That statement was corrected by the United States Court of Appeals in Bowles v. American Stores, 78 U.S.App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565, where the Court drew careful distinction between the strictly criminal penalties authorized by the statute and the remedial provisions giving a consumer the right to sue for treble the amount of an overcharge. Much earlier, in Pavarini & Wyne v. Title Guaranty & Surety Co., 36 App.D.C. 348, Ann.Cas.1912C, 367, the same Court had declined to apply a one-year limitation to an action on a bond. In language which very aptly fits the present situation, the Court said: "The contention is that the liability sought to be established is a statutory penalty, and hence barred because suit was not brought within one year. We cannot agree with that contention. The statute provides a new liability in order to remedy a growing mischief. Like the mechanics' lien law of the States, *it is remedial, and not penal.* There are many different statutes, State and Federal, conferring rights of action, unknown to the common law, against wrongdoers. These are often spoken of as penal, just as the conditions of ordinary bonds are frequently spoken of as penalties; *but neither the liability imposed for the benefit of private persons, nor the remedy given for its enforcement by civil action, is a statutory penalty in the proper legal sense.*" [1] (Italics supplied.)

The Court cited Huntington v. Atrill, 146 U.S. 657, 667, 13 S.Ct. 224, 227, 36 L.Ed. 1123, in which the Supreme Court clearly explained the non-penal status of similar causes of action: "Penal laws,

---

[1] See also the somewhat later case of Kemp v. Board of Medical Supervisors, 46 App.D.C. 173, in which it was held that an action to revoke a physician's license was remedial and not one "to enforce a penalty or forfeiture" and therefore not subject to the one-year limitation.

300

strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, *but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."* (Italics supplied.)

It is true that the Supreme Court was discussing "penalties" in the so-called "international sense," that is to say under the doctrine that one sovereignty will not enforce the "penalties" of another. But in City of Atlanta v. Chattanooga Foundry & Pipe Co., C.C.E.D.Tenn., 101 F. 900, 904, there was involved the Federal Statute of Limitations applying to suits for "any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States." 28 U.S.C.A. § 791. In holding that this statute did not apply to a suit for treble damages under the Anti-Trust laws, the trial court said: " * * * I conclude that this is not a penal action, and the recovery sought is not a penalty within the sense here involved, *which is substantially the same as the international sense.* (Italics supplied.)

This ruling was affirmed on appeal, in an opinion by Judge Lurton, (later of the Supreme Court) 6 Cir., 127 F. 23, 64 L.R.A. 721, and was later also affirmed in the Supreme Court. Chattanooga Foundry & Pipe Co. v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241. These holdings have been followed in later cases,[2] and the same rule of construction has been consistently adopted in cases where a private citizen was suing. Thus in actions for double compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.,[3] for treble damages under the Federal Anti-Trust law, 15 U.S.C.A. §§ 1-7, 15 note,[4] for reparations under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.,[5] for double liability against stockholders,[6] for double damages for defect in highway,[7] for the amount lost in a gaming transaction,[8] for treble damages under the OPA Act,[9] and even for enforcement of administrative orders under said Act,[10] it has been held that the actions were remedial and not penal.

To us it seems entirely clear that the test is not whether the overcharge "penalizes" the landlord, for undoubtedly all the statutes discussed above which permit the recovery of more than actual damages do "penalize" the offender as "penalize" is popularly used. Our statute of limitations does not use the word "penalize." It employs the phrase "statutory penalty or forfeiture." That phrase had a definite and

2 Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, rehearing denied 317 U.S. 706, 63 S.Ct. 76, 87 L.Ed. 563; Meeker v. Lehigh Valley R. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644, Ann.Cas.1916B, 691; Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29.

3 Overnight Motor Transp. Co. v. Missel, supra; Culver v. Bell & Loffland, supra; Asselta v. 149 Madison Avenue Corporation, D.C.S.D.N.Y., 65 F.Supp. 385; Davis v. Rockton & Rion R. R., D.C.W. D.S.C., 65 F.Supp. 67; Lorenzetti v. American Trust Co., D.C.N.D.Cal., 45 F.Supp. 128, reversed on other grounds, Rosenberg v. Lorenzetti, 9 Cir., 137 F.2d 742, certiorari denied Rosenberg v. Semeria, 320 U.S. 770, 64 S.Ct. 83, 88 L.Ed. 460; Walsh v. 515 Madison Avenue Corporation, 181 Misc. 219, 42 N.Y.S.2d 262.

4 Shelton Elec. Co. v. Victor, D.C.N.J., 277 F. 433, (a case involving a New Jersey statute of limitations, N.J.S.A. 2:24-22).

5 Meeker v. Lehigh Valley R. Co., supra.

6 Derscheid v. Andrews, 8 Cir., 34 F.2d 884.

7 Reed v. Northfield, 13 Pick., Mass., 94, 23 Am.Dec. 662; Read v. Inhabitants of Chelmsford, 16 Pick., Mass., 128.

8 Grace v. McElroy, 1 Allen, Mass., 563; Read v. Stewart, 129 Mass. 407; Cole v. Groves, 134 Mass. 471. Note: It is also worth mentioning that some early English cases took the view that similar actions were remedial and not penal; Hyde v. Cogan, 2 Dougl. 699 (1781); Wilkinson v. Colley, 5 Burr 2694 (1771); Woodgate v. Knatchbull, 2 T.R. 148 (1787).

9 Bowles v. American Stores, 78 U.S. App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565.

10 Brown v. Wilemon, 5 Cir., 139 F.2d 730, certiorari denied 322 U.S. 748, 64 S.Ct. 1151, 88 L.Ed. 1579.

accepted meaning in England prior to the establishment of the American colonies, and the same meaning has been applied to it consistently by our Supreme Court and the various circuit courts of appeals. It is the same meaning attributed to the same phrase contained in the federal five-year statute of limitations referred to above.

As was pointed out in City of Atlanta v. Chattanooga Foundry & Pipe Co., supra, where a statute permits recovery of multiple damages by private individuals and also authorizes the imposition of a fine or jail sentence on the defendant, the ordinary rules of statutory construction forbid considering the multiple damages as a "statutory penalty or forfeiture." This double feature is contained in Section 10 of the District of Columbia Emergency Rent Act. (Code 1940, 45—1610.) Subsection (a), as already noted, authorizes the tenant to recover twice the rent overcharge. Subsection (b) authorizes a fine or a jail sentence, or both. It is not without significance, we believe, that the very next subsection, subsection (c) mentions "damages or penalties" in that order and that no other "damages" except those contained in subsection (a) are mentioned anywhere in the Act.

Furthermore, we believe it not without significance that under the Federal Emergency Price Control Act, while suits for treble overcharges may be brought by the person overcharged, the statute also permits suits by the government itself for its own benefit; whereas in the District of Columbia Emergency Rent Act, when such suits are brought by the Rent Administrator, they are brought "on behalf of such tenant" and therefore the recovery goes to the tenant. Code 1940, 45—1610(a).

Appellant relies upon Helwig v. United States, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614, where in a customs case, an additional sum imposed upon an importer for an undervaluation was held, for jurisdictional purposes, to be a penalty. But there it was the federal government and not a private citizen who was making the claim. The difference is quite clear. In the case just referred to, the sovereign was moving to enforce a penalty;[11] in the case before us a private citizen was suing to redress a wrong. From our study of the cases cited we think it plain that the right vested by our Rent Act in the tenant to sue for double the amount of excess rent creates a private right to recover for a private wrong, a right which is civil and remedial in nature; and that at least in so far as it relates to the question of limitations it is not brought "for any statutory penalty or forfeiture" and therefore is not subject to the bar of the one-year limitation.

Appellant argues that the judgment below constitutes "cumulative penalties" in that he has been held answerable for every overcharge he has made. Under his theory the most the trial court could have allowed was twice the overcharge for the *first month only*. The complete answer to that contention is found in the Act (Code 1940, 45—1610) which authorizes suit for double the amount of excess *rent* collected. Nowhere does the Act even remotely suggest that this means only one month's rent. By no twisting of the language of the Act can it be said that Congress intended that a landlord, who had over a long period collected rent in violation of the legal ceiling, could so easily escape the consequences of his unlawful acts.[12]

Finally appellant argues that the plaintiff-tenant so conducted himself as "to calculate, design and create a situation where he could later attempt to enrich himself" by bringing suit covering all the months during which he had been overcharged. In effect he is asking us to hold that the tenant was more seducer than seduced. But the record would not justify such a ruling. The tenant was, as we have said, completely within his rights in making the claim he did.

Affirmed.

---

[11] See also Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F. 2d 425; Brown v. Cummins Distilleries Corporation, D.C.W.D.Ky., 56 F.Supp. 941.

[12] See Lambur v. Yates, supra.