### WHATLEY et al. v. HILL.
### Civil No. 24058.

[District Court, N. D. Ohio, E. D.
July 23, 1947.

Saul S. Biskind and Philip F. Weiss, both of Cleveland, Ohio, for plaintiff.

A. R. Fiorette and A. B. Webber, both of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action to recover treble damages in the amount of $2,700, plus reasonable attorneys' fees for the sale by defendant to plaintiffs, on June 28, 1945, of a Cadillac automobile for a sum allegedly $900.00 over the maximum price established pursuant to the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq. Both parties are citizens of Ohio.

This action was filed on June 10, 1946. Defendant answered on August 29, 1946, denying that the car had been sold above the maximum price. On March 22, 1947, defendant filed a motion to dismiss and for summary judgment on the ground that this court lacks jurisdiction, the amount in controversy being less than $3,000.

Defendant cites two similar cases decided by Judge Jones which were dismissed for lack of the jurisdictional amount of $3,000. Vaughn v. Peroco, No. 22984, [1] and Schieferstein v. Greenfield, No. 24313. [1]

---

[1] No opinion for publication.

Plaintiff, opposing the motion, cites Bowles v. Franceschini, 1 Cir., 145 F.2d 510, 511. The court stated that Section 205(c) of the Emergency Price Control Act gives the District Courts "jurisdiction of criminal proceedings for violations of § 4 of the Act, and concurrently with State and Territorial courts, of all other proceedings under § 205."

In the Franceschini case, the plaintiff was an officer of the United States and therefore authorized to bring a civil action in a district court, regardless of the amount in controversy, under Title 28 U.S.C.A. § 41(1). This same section further provides that the district courts shall have jurisdiction of all suits of a civil nature "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States." The mere fact that a question of federal law is involved is not enough to give this court jurisdiction in a civil suit of this nature.

Plaintiffs rely on Section 205(c) of the Emergency Price Control Act, which provides in part that:

"The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under Section 205 of this Act."

Plaintiff argues that since this provision was enacted subsequent to Section 41(1) of Title 28 U.S.C.A., supra, Congress intended to give the District Courts jurisdiction over all proceedings under Section 205.

Section 205(c) is not inconsistent with Section 41(1). Had Congress intended to extend the jurisdiction of the District Courts it would have proceeded by amending Section 41(1).

█ While it is unfortunate for plaintiff that defendant waited so long to raise the issue of jurisdictional amount, Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dealing with waiver of defenses, provides that the court shall dismiss an action at any point in the proceedings that it determines that it lacks jurisdiction. The fact that plaintiff may now be barred by the statute of limitations from bringing this action in a state court cannot influence the disposition of jurisdictional questions.

Motion to dismiss sustained.