## HEITMULLER v. BERKOW.
### No. 9490.

United States Court of Appeals District of Columbia.

Argued Dec. 2, 1947.

Decided Jan. 26, 1948.

Vincent A. Sheehy, Jr., of Washington, D. C., with whom Arthur C. Elgin, of Washington, D. C., was on the brief, for appellant.

Sidney M. Goldstein, of Washington, D. C., with whom Joseph D. Bulman, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from the Municipal Court of Appeals, wherein affirmance was given to a judgment rendered by the Municipal Court for the District of Columbia in favor of appellee.

Appellee was a tenant in an apartment house owned by appellant, and he instituted a suit against the latter under the District of Columbia Emergency Rent Act,[1] which provides for the recovery of double the amount of rent paid in excess of the maximum rent ceiling. Unlike the Federal Emergency Price Control Act of 1942,[2] however, the local Rent Act does not limit the period within which such an action may be prosecuted. Appellee began his action in this case over one year after the major portion of his claim accrued,[3] and appellant has contended that the suit was barred, as to that major portion of the claim, by the D.C.Code provision prescribing a one-year limitation upon actions "for any statutory penalty or forfeiture."[4] The courts below have accepted and sustained appellee's contention that the suit was not for a penalty or forfeiture, but

---

[1] D.C.Code, § 45—1601 et seq.

[2] 56 Stat. 34 (1942). as amended, 58 Stat. 640 (1944), 50 U.S.C.Appendix, § 925(e) (Supp.1946).

[3] Appellee averred in his complaint that he rented an apartment from appellant on May 1, 1942, at a rental of $57.50 per month; that he paid rent at that rate until October 1, 1943, when the rent was reduced to $55 per month, which amount he paid monthly from that date until the time of the suit, March 25,

1946. The rent ceiling established for this apartment was $52.50 per month.

[4] D.C.Code § 12—201: "No action shall be brought \* \* \* for any statutory penalty or forfeiture \* \* \* after one year from the time when the right to maintain any such action shall have accrued; and no action the limitation of which is not otherwise specially prescribed in this section shall be brought after three years from the time when the right to maintain such action shall have accrued \* \* \*."

was, instead, "an action the limitation of which is not otherwise specially prescribed in this section," [5] as to which a three-year limitation applies.

The Municipal Court of Appeals, 51 A.2d 302, ruled that the question raised in this case was determined by the decision in Shenk v. Cohen, D.C.Mun.App.1947, 51 A. 2d 298, a similar case decided in that court on the same day, in which it was held that the one-year limitation was inapplicable.

Appellant has argued before us his contention that the Municipal Court of Appeals has only decided that the Rent Act is not a penal statute. We believe the lower appellate court adequately answered the question presented and we endorse its opinion, but we will go further to expressly state our ruling that the Rent Act provision allowing recovery of an overcharge by a tenant does not impose a statutory penalty or forfeiture within the terms of the local statute of limitations. While it is true that the right of action exercised here is created by statute we think it is clear that Congress thereby intended to create a remedy rather than to impose a penalty. Chief Judge Cayton, speaking for the Municipal Court of Appeals, pointed out that "Subsection (a),[6] as already noted, authorizes the tenant to recover twice the rent overcharge. Subsection (b)[7] authorizes a fine or a jail sentence, or both. It is not without significance, we believe, that the very next subsection, subsection (c),[8] mentions 'damages or penalties' in that order and no other 'damages' except those contained in subsection (a) are mentioned anywhere in the Act."[9]

The Supreme Court in the case of Huntington v. Attrill, 1892, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, treated the question of what is a penal law from the conflict of laws standpoint. The conclusions expressed therein were preceded by careful scrutiny of English and early American authorities, and this significant statement by Chief Justice Shaw of Massachusetts was quoted: " 'The action is purely remedial, and has none of the characteristics of a penal prosecution. All damages for neglect or breach of duty operate to a certain extent as punishment; but the distinction is that it is prosecuted for the purpose of punishment, and to deter others from offending in like manner. Here the plaintiff sets out the liability of the town to repair, and an injury to himself from a failure to perform that duty. The law gives him enhanced damages; but still they are recoverable to his own use, and in form and substance the

---

[5] See note 4, supra.

[6] D.C.Code § 45—1610 (a) (Sec. 10 (a), District of Columbia Emergency Rent Act): "If any landlord receives rent or refuses to render services in violation of any provision of this chapter, or of any regulation or order thereunder prescribing a rent ceiling or service standard, the tenant paying such rent or entitled to such service, or the Administrator on behalf of such tenant, may bring suit to rescind the lease or rental agreement, or, in case of violation of a maximum-rent ceiling, an action for double the amount by which the rent paid exceeded the applicable rent ceiling and, in case of violation of a minimum-service standard, an action for double the value of the services refused in violation of the applicable minimum-service standard or for $50, whichever is greater in either case, plus reasonable attorneys' fees and costs as determined by the court. * * *"

[7] D.C.Code § 45—1610 (b) (Sec. 10 (b), District of Columbia Emergency Rent Act): "Any person who willfully violates any provision of this chapter or any regulation, order, or requirement thereunder, and any person who willfully makes any statement or entry false in any material respect in any document or report required to be kept or filed thereunder, and any person who willfully participates in any fictitious sale or other device or arrangement with intent to evade this chapter or any regulation, order, or requirement thereunder, shall be prosecuted therefor by the corporation counsel of the District of Columbia or an assistant, on information filed in the police court of the District of Columbia, and shall upon conviction be fined not more than $1,000 or imprisoned for not more than one year, or both."

[8] D.C.Code § 45—1610 (c) (Sec. 10 (c), District of Columbia Emergency Rent Act): "No person shall be held liable for damages or penalties in any court on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this chapter. * * *"

[9] Shenk v. Cohen, D.C.Mun.App., 1947, 51 A.2d 298, 301.

suit calls for indemnity.' Reed v. Northfield, 13 Pick., Mass., 94, 100, 101, [23 Am. Dec. 662]." Mr. Justice Gray, speaking for the Court, then said: "The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual, according to the familiar classification of Blackstone: 'Wrongs are divisible into two sorts or species: private wrongs and public wrongs. The former are an infringement or privation of the private or civil rights belonging to individuals, considered as individuals, and are thereupon frequently termed "civil injuries:" the latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community; and are distinguished by the harsher appellation of "crimes and misdemeanors.' 3 Bl.Comm. 2." [10]

We consider the Huntington opinion noteworthy, although it is not determinative of the question sub judice. It does point the way to a determination of the question here, and it clearly influenced the decision by this court in the case of Pavarini & Wyne v. Title Guaranty & Surety Company, 1911, 36 App.D.C. 348, Ann.Cas. 1912C, 367. The suit there concerned the liability of the principal and sureties on the usual penal bond required by statute[11] from persons contracting with the District of Columbia to construct or repair public buildings. Inasmuch as the suit was filed more than one year after the right of action accrued, the defense was raised that the one-year limitation applied. Chief Justice Shepard delivered the opinion for the court, in which he said, at page 350: "The contention is that the liability sought to be established is a statutory penalty, and hence barred because suit was not brought within one year. We cannot agree with that contention. The statute provides a new liability in order to remedy a growing mischief. Like the mechanics' lien law of the States, it is remedial, and

not penal. There are many different statutes, State and Federal, conferring rights of action, unknown to the common law, against wrongdoers. These are often spoken of as penal, just as the conditions of ordinary bonds are frequently spoken of as penalties; but neither the liability imposed for the benefit of private persons, nor the remedy given for its enforcement by civil action, is a statutory penalty in the proper legal sense."[12] To the same effect is this statement by Judge Biggs, speaking for the Circuit Court of Appeals, Third Circuit, in the recent decision in Porter v. Montgomery, 1947, 163 F.2d 211, 215: "A civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it seeks to obtain a sum of money for the state, an entity which has not suffered direct injury by reason of any prohibited action. In order to obtain damages the loss must flow out of the wrong and be its natural and proximate consequence. Smith v. Bolles, 132 U.S. 125, 130, 10 S.Ct. 39, 33 L.Ed. 279. A penalty need have no causal connection with the wrong inflicted. In a penal statute the penalty is inflicted by a law for its violation."

Appellant has relied to a large extent on the decision announced in Bowles v. Farmers National Bank of Lebanon, 6 Cir., 1945, 147 F.2d 425. In that case the Administrator of the Office of Price Administration sued under Section 205(e) of the Emergency Price Control Act of 1942[13] for treble damages alleging a violation of a price regulation. The nature of such an action was drawn in issue since the alleged violator had died and the question arose as to whether the action survived his death. In ruling that the statute provided for recovery of a penalty (and consequently that the action abated) the court took particular note of the fact that "recovery is to be paid not to the person injured but to the Government."[14] The action there was prosecuted by the Administrator

---

[10] Huntington v. Attrill, 1892, 146 U. S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123.

[11] 33 Stat. 811 (1905).

[12] Citing Huntington v. Attrill, supra; Northern P. R. Co. v. Babcock, 154 U.S. 190–198, 14 S.Ct. 978, 38 L.Ed. 958–961; Whitman v. National Bank, 176 U.

S. 559–567, 20 S.Ct. 477, 44 L.Ed. 587–592.

[13] See note 2, supra.

[14] Bowles v. Farmers National Bank of Lebanon, supra, at page 428 of 147 F. 2d.

expressly on behalf of the United States on the theory of redressing a wrong to the public, while here the individual sues to recover damages for himself under a statute which also provides for action by the Administrator but expressly confines such action to the benefit of the individual.[15] We think the Bowles case is clearly distinguishable.

Another line of argument by appellant is that the provision in the Rent Act authorizing suit for double the rent overcharge or $50, whichever is greater,[16] indicates that a penalty is intended thereby, drawing the illustration that if the overcharge is but one cent then the recovery allowed is five thousand times greater. Appellant urges the conclusion that when an award is so far unrelated to the basis therefor, it must be viewed as a penalty, citing Helwig v. United States, 1903, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614. We cannot agree with that contention. Justice Edgerton, speaking for this court, has previously noted the wisdom in the provision for a similar minimum recovery under the Emergency Price Control Act of 1942[17]: "The filing and prosecution of a small suit may or may not cost the plaintiff a substantial amount of money, but any suit takes time and effort. Most people have little time or taste for this sort of effort. Congress made $50 a floor * * * in order to give overcharged consumers the necessary incentive to sue. * * * consumers will not sue upon a small overcharge if they are compensated for nothing but the overcharge." Bowles v. American Stores, 1943, 78 U.S.App.D.C. 238, 240, 139 F.2d 377, 379. Furthermore, the Helwig case itself expressly states that it is the intrinsic nature and character of the enactment which must govern its effect, in the absence of designation by Congress. Cf. Bowles v. Farmers National Bank of Lebanon, supra. The Rent Act vests the right to sue for double the amount of the overcharge in the tenant, or in the Administrator on behalf of such tenant.[18] This provision, read in context, largely compels our decision that the Rent Act creates a statutory obligation to pay compensatory damages and not a penalty, at least to the extent that the statute of limitations drawn in issue here is concerned.

Affirmed.

---

[15] See note 6, supra.
[16] See note 6, supra.

[17] See note 2, supra.
[18] See note 6, supra.