34 HILLSIDE REALTY CORPORATION et al., Plaintiffs, *v.* WALTER NORTON et al., Defendants.

WALTER NORTON et al., Plaintiffs, *v.* 34 HILLSIDE REALTY CORPORATION et al., Defendants.

JACOB EPSTEIN, Plaintiff, *v.* VIRPETIA REALTY Co., INC., et al., Defendants.

City Court of the City of New York, Special Term, Bronx County,
April 17, 1950.

*Anthony Mangone* for Walter Norton and others, defendants.

*Rapaport Bros.* for 34 Hillside Realty Corporation and others, plaintiffs.

EVANS, J. The plaintiffs are two corporate landlords and one individual, the president of each corporate plaintiff. The defendants are the superintendent of two apartment dwellings, owned by the corporate landlords, and four tenants of the two buildings.

This is a motion by the four tenants, in which the superintendent does not join, to dismiss the complaint, under rule 106 of the Rules of Civil Practice.

The important allegations of the complaint say that the tenants arranged with the superintendent, for a gratuity, in plainer words, a bribe, to rent dwelling quarters in the two buildings to them in preference to other legitimate applicants for dwelling quarters, who did not give the superintendent a bonus, gift, or gratuity, and that these defendants contrived to keep the bonus arrangement a secret from the plaintiffs, so that they were in complete ignorance thereof, and therefore, innocently entered into rental contracts with the tenants. That plaintiffs neither shared in the gratuities, authorized, acquiesced in or condoned the conduct of the tenants and superintendent in any manner. These allegations tend to show a violation by defendants of the State Penal Law (Penal Law, §§ 439, 580, subd. 1; § 965).

There follows an allegation of special damage, by the corporate plaintiffs, in that, as a consequence, these plaintiffs were obliged to incur " substantial expenses for legal fees ". The individual plaintiff also claims these damages and, in addition thereto, damage for injury to reputation.

We have then a complaint which alleges an arrangement to violate the State Penal Law on the part of the tenants, and conduct on their part, which carried out the unlawful arrangement. Since such conduct is punishable under the Penal Law, there is no reason why it should not be actionable civilly, if damage could reasonably flow from such conduct. The wrong alleged against the tenants could conceivably cause damage to the corporate plaintiffs, in that they would be subjected to a suit under Federal rent law, with the necessity of expending at least legal fees in its defense.

In entering into these rental arrangements with the tenants, under the circumstances, it follows that the corporate plaintiffs might be subjected to a triple damage suit, under the Federal rent laws. In such a suit (which the complaint does not allege to be pending, but which is in fact pending in this court and has been consolidated with this very law suit), the corporate plaintiffs might be held liable, even though innocent, because the wrongful conduct of the superintendent, even though unknown to them, could be attributable to them, since the superintendent was their agent, and what he did might be deemed to have been done in the course of his employment.

I do not think it is an answer to the complaint to say that these tenants, under the Federal rent laws, have civil immunity from the wrong they have committed, because they are not *in pari delicto* with the superintendent, in such a suit (*Zwang* v. *A. & P. Food Stores,* 181 Misc. 375). It is because of this civil immunity that they are able to prosecute a triple damage suit, in spite of the wrong they committed.

But the Federal rent laws have not immunized the tenants from a violation of State penal laws. Violation of a penal statute may also constitute a civil tort, and if damage may reasonably flow therefrom, there is no reason why it should not be actionable.

So far as the individual plaintiff is concerned, the allegation that she suffered special damage in being required to pay legal fees, and general damage in injury to reputation, is insufficient, because it is utterly inconceivable how any such damage could possibly flow from the wrong alleged. The individual plaintiff is not in the same position as the corporate plaintiffs, in being civilly responsible for the conduct of the superintendent, under the Federal rent laws. So that the reasoning that would save the complaint as to the corporate plaintiffs is not applicable to the individual plaintiff. Counsel suggests that damage to reputation would follow from the wrong, because she has been charged with and is awaiting trial for violation of section 965 of the Penal Law. But that is not alleged in the complaint, and even if it were alleged, the action would be premature. The injury to reputation results from the penal prosecution, not from the wrong alleged in the complaint. If the prosecution results in the individual plaintiff's conviction, she will have no cause of action for injury to reputation. If she is acquitted, she may have a cause of action for malicious prosecution and consequent injury to her reputation. So that the cause of action for injury to reputation will not arise, until the individual plaintiff is acquitted, and, at this time, is wholly premature.

The motion to dismiss the complaint is granted as to the individual plaintiff, and denied as to the corporate plaintiffs.