### WASHINGTON & C. RY. CO. v. MOBILE & O. R. CO.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1919.)

No. 3230.

1. CARRIERS ⬤═202—INTERSTATE COMMERCE—DIVIDING EARNINGS—ILLEGAL TRANSACTION—RECOVERY.

Where plaintiff and defendant had a joint tariff providing a through rate on lumber shipments, but there was no provision for remilling at the point of junction, and defendant, on shipments remilled, collected the local rate to the junction point, plaintiff, though it paid defendant a portion of the through rate, may recover the same, regardless of knowledge of the true facts; the transaction violating the Interstate Commerce Act (Comp. St. § 8563 et seq.), and the rule that the courts will refuse redress to joint violaters of the law having no application.

2. CARRIERS ⬤═29—REGULATIONS—DIVIDING EARNINGS—"PUBLIC CORPORATION."

A railroad company is a "public corporation" charged with public duties, and in view of the rate-making powers of the state such a company cannot make voluntary payments to another railroad company out of rates which it has collected and is entitled to.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Corporation.]

3. CARRIERS ⬤═29—INTERSTATE COMMERCE—DIVIDING EARNINGS.

Where defendant railroad company was not entitled to any part of the rates received by plaintiff, the shipment not being one falling within a joint through rate, held, that plaintiff could not make voluntary payments to defendant, for that would defeat the purpose of the Interstate Commerce Act (Comp. St. § 8563 et seq.).

4. EVIDENCE ⬤═208(7)—JUDICIAL ADMISSIONS—DEMURRERS.

Though a demurrer to a plea is sustained, an admission of fact therein may be considered.

5. APPEAL AND ERROR ⬤═1051(3)—REVIEW—HARMLESS ERROR.

Where defendants own plea admitted the facts shown by evidence, the admission of such evidence, though erroneous, was harmless.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. **Carriers** ☞202—Charges—Connecting Carriers—Overpayment—Recovery.

   Where plaintiff sued to recover from defendant amounts paid to defendant as its share of joint through rates, and it appeared that plaintiff was not entitled to recover on all of the cars on which such rates were paid, plaintiff was bound to establish its case by showing the shipments and cars on which it was entitled to recover.

7. **Appeal and Error** ☞1175(1)—Review—Harmless Error.

   Where a judgment for plaintiff was for too large an amount, and the record did not contain evidence from which the error might be corrected, the case must be remanded.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Action by the Mobile & Ohio Railroad Company against the Washington & Choctaw Railway Company. There was a judgment for plaintiff (242 Fed. 531), and defendant brings error. Reversed and remanded.

Harry T. Smith and Wm. G. Caffey, both of Mobile, Ala., for plaintiff in error.

S. R. Prince, of Mobile, Ala., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

BATTS, Circuit Judge. The Washington & Choctaw Railway Company has a point of junction with the Mobile & Ohio Railroad Company at Yellow Pine, Ala. Both railroads are common carriers, under the jurisdiction of the Interstate Commerce Commission. Joint tariffs were published, covering shipments originating on the Washington & Choctaw and transported over the line of the Mobile & Ohio. The latter company instituted suit against the former for sums paid upon statements of the defendant of amounts claimed as due as its division of the through rate from points on its line. It was alleged and proved that the course of business was for the Washington & Choctaw to transport lumber from points on its line to Yellow Pine, where it was remilled or redressed, and that thereafter further shipment was made on through bills of lading from the original shipping point. The contention is made that these were not through shipments, but that the initial shipment was concluded at Yellow Pine, and that another shipment was begun at that place over the Mobile & Ohio. It is alleged and proved that the Washington & Choctaw collected a local rate from the shipper to Yellow Pine.

The circumstance that the Choctaw received its local rate, and thereafter received a part of the through rate from the Mobile & Ohio, cannot affect the case. The Choctaw is not, of course, entitled to both a local rate and a division of the through rate. But this case is concerned alone with the right of the Mobile & Ohio to recover that part of the rate improperly collected from it by the Washington & Choctaw.

[1] The defense is made that the Washington & Choctaw and Mobile & Ohio were joint violators of the law, and it is contended that the

courts will refuse redress when either of the parties to an illegal transaction appeals to the courts. The Mobile & Ohio claims that it was without knowledge of the fact that these were not through shipments; but it insists that, even if it had known of the facts which make the transaction illegal, it would, nevertheless, be entitled to recover.

The general rule with reference to recovery by one person against another in a transaction involving illegal acts upon the part of both is well settled. No general rule of this kind can apply to a case in which the rights of the parties are governed by the unequivocal terms of the law. It is a part of the duty of the Mobile & Ohio Railroad to collect from all shippers and from all railroads all that is due to it under any tariff under which it is operating. If it should collect less than it is entitled to, or pay out too much on a joint rate, it is under obligations to collect the balance, or the amount erroneously paid, as definitely as it is under obligations to return any excess charged, or any amount improperly retained.

The method used by the Washington & Choctaw was clearly in violation of the law. Its illegality was not dependent upon the fact that it secured a double rate. No tariff promulgated by it, or by it and connecting lines, provided for stoppage of the lumber in transit for remilling or redressing. It had the right to collect a legal rate from points on its road to Yellow Pine. As to shipments originating at Yellow Pine on the Mobile & Ohio, it had no rights of any sort, and was not entitled to any part of any rate received by the Mobile & Ohio. If by deceit or misstatements, or by any understanding with the Mobile & Ohio, or otherwise, it secured a part of the rate to which the latter was exclusively entitled, it violated the law, and was under obligations to return to the Mobile & Ohio that which it had unlawfully received.

If the Mobile & Ohio and the Washington & Choctaw both had cognizance of the fact that shipments were being made and divisions being effected under a tariff not promulgated in accordance with law, or not promulgated at all, both concerns became liable for violation of the Interstate Commerce Act (Comp. St. § 8563 et seq.) ; and it would be the duty of both to see to the restoration of that which had been unlawfully exacted or paid.

[2, 3] Defendants make the proposition that, after having received money in payment of a freight charge, the Mobile & Ohio had the right to do with it as it pleased, and the right to give it to the Washington & Choctaw, if it so desired. This proposition cannot receive the sanction of the courts. It is a mistake to assume that the railroad companies may do as they please with that which they receive. They are public corporations, charged with public duties, and those duties cannot be performed without a proper conservation and administration of their revenues. The rate-making bodies of the country must see to it that reasonable rates are fixed, with the view of enabling the companies to perform their public duties. The proper fixing of rates is inconsistent with an unrestrained right upon the part of the railroad companies to donate or otherwise dispose of their funds, except for the purposes and in the manner contemplated by the laws. Even

if this general proposition could be controverted, there could be no question about the duty of railroad companies to conform their interstate transactions to the terms of the Interstate Commerce Act. Tariffs and divisions would be rendered nugatory, if the interested companies could, by repayments and readjustments of accounts, bring about any result they might desire as between themselves and connecting lines, or between themselves and shippers.

It is the right and the duty of railroad companies which have improperly paid out money to connecting lines under a mistake of fact, or with knowledge of the unlawful character of payment, to recover such payments. The conclusions reached, and so well stated, by the trial judge, are concurred in entirely.

[4, 5] The defendants in this case insist that the allegations of the petition have not been established by competent evidence. The court permitted records of the Mobile & Ohio Railroad Company, not shown to have been made by any person directly familiar with the facts, to be admitted in evidence against the defendants. It is not necessary in this case to determine whether the business of the country is to be hampered and the efficiency of the courts destroyed by appeals to archaic rules of evidence; for, even if the evidence was technically inadmissible, the defendant could not have been harmed by the action of the court in permitting its introduction to prove facts which have been formally admitted by the defendant in its pleadings or established as against it by statements furnished by it to the plaintiff. A plea of defendant contained the averment that the plaintiff "voluntarily paid the defendant the amount which it is now seeking to recover." Though a demurrer to the plea was sustained, cognizance could be taken of an admission which it contained. The most that could be said against the admission of the evidence is that it was improperly admitted to prove facts, the truth of which the record shows was not disputed.

[6, 7] There is, however, deficiency in the evidence in one respect. The testimony indicates that payment was made on a small number of cars that were, in fact, through shipments from points on the Washington & Choctaw other than Yellow Pine. As to these cars the payments were properly made. While it is assumed from the testimony that the number of such cars was very limited, yet this fact does not relieve the plaintiff from establishing its case by distinguishing these from the other cars. It is apparent that it has recovered judgment for an amount somewhat in excess of that for which judgment should have been given. The record does not furnish sufficient evidence for reformation of the judgment, and it will have to be reversed for further evidence upon this issue.

Reversed.