# Richmond

ROBERTA I. SCHAUBACH v. J. ANDERSON.

January 14, 1946.

Record No. 2973.

Present, All the Justices.

The opinion states the case.

*William G. Maupin,* for the plaintiff in error.

*B. A. Banks,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

J. Anderson brought an action by warrant in the Civil Justice Court of the city of Norfolk, against George M. and Roberta I. Schaubach, to recover "the sum of $860.00 representing 43 weeks rental overcharge for the premises of the defendants occupied by plaintiff as a renter plus penalty three times excess, pursuant to Section 205 (e) of the Emergency Price Control Act of 1942." (56 Stat. 23.)

The pertinent provisions of section 205 (e) are as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or minimum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful, nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. * * * Any action under this subsection by either the

buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction."

The case was heard in the civil justice court and resulted in a judgment for the defendants. Upon an appeal to the circuit court, a trial by a jury was had, which resulted in a verdict against both defendants. Upon motion, the court set aside the verdict against George M. Schaubach, but over-ruled the motion as to Roberta I. Schaubach, the owner of the premises, and entered judgment against her in the sum of $645, plus $50 attorney's fee.

This writ of error brings under review that judgment.

The evidence conclusively shows that the ceiling price for the premises at the date of the rental by plaintiff was the sum of $15 per month. Plaintiff admits that he agreed to pay $20 per month, the amount demanded by defendant, but denies that he was aware of the fact that the Area Rent Director had, upon the application of one King, the former renter, reduced the rent to $15 per month.

We deem it unnecessary to set forth the evidence in detail, for the reason that no contention is made that it fails to sustain the verdict.

The first and second assignments of error challenge the jurisdiction of the civil justice and the circuit court of Norfolk to hear and determine the litigation.

The first contention of defendant is that "the civil court was without jurisdiction because the action was one for the recovery of a penalty of more than $20.00."

The second contention is that "the civil court and the circuit court * * were without jurisdiction for the reason that the action was one to enforce a right under a foreign penal statute."

The contention of plaintiff is that the Act affords a remedy for the collection of damages only and is, therefore, a remedial statute.

If this action be remedial, there can be no doubt that the civil court obtained jurisdiction pursuant to the pro-visions of sections 3102 and 3114 of the Code of Virginia

and, therefore, an appeal from its judgment necessarily follows.

An aid to the correct construction of section 205 (e) of the Emergency Price Control Act is found in the history of the act as delineated in the report of the Senate Banking and Currency Committee. In stating the purpose of the act (now 205 (e) ) this is said:

"Actions to recover damages.—Such actions have proved valuable in the enforcement of other regulatory statutes such as the Fair Labor Standards Act, both to relieve the Government of a part of the burden of enforcement and to deter initial violations. They afford a remedy at law to persons damaged by having had to pay unlawfully high prices." S. Rep. No. 931, 77 Cong., 2d Sess., p. 9.

When we look to the act, we find that in unambiguous language it provides a recourse in damages to one who had been forced to pay rent beyond the ceiling price fixed by the Office of Price Administration. The act further provides: "Any action under this subsection (e) by either the buyer or the Administrator, * * * may be brought in any court of competent jurisdiction."

An examination of the numerous authorities dealing with the act in question reveals that in only one case has a State court declined jurisdiction of a consumer action under section 205 (e). See *Robinson* v. *Norato* (R. I.), 43 A. (2d) 467.

In that case the decision was based on the ground that the act was penal in its nature and the court was without jurisdiction.

On the other hand, seven appellate courts have held that actions by a consumer for statutory damages are remedial and, therefore, cognizable by State courts of competent jurisdiction. See cases cited in the margin.*

---

*Lambros* v. *Brown* (Md.), 41 A. (2d) 78; *Regan* v. *Kroger Gro., etc., Co.,* 386 Ill. 284, 54 N. E. (2d) 210; *Lapinski* v. *Copacino,* 131 Conn. 119, 38 A. (2d) 592; *Desper* v. *Warner Holding Co.* (Minn.), 19 N. W. (2d) 62; *Schaffer* v. *Leimberg* (Mass.), 62 N. E. (2d) 193; *State* v. *Olson* (Or.), 151

For the sake of continuity we quote from a few of the most relevant cases.

In *Bowles* v. *American Stores*, 139 F. (2d) 377, 379, it is held that "the aim of sec. 205 (e) is not to penalize."

In *Huntington* v. *Attrill*, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123, this is said:

"The question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offense against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act." 146 U. S., pp. 672-673.

In *Lambros* v. *Brown* (Md.), 41 A. (2d) 78, it was held that State courts should take jurisdiction of suits authorized by acts of Congress.

A case analogous to the case at bar is *Tidewater Optical Co.* v. *Wittkamp*, 179 Va. 545, 548, 19 S. E. (2d) 897. Mr. Justice Eggleston, delivering the opinion of the court, said:

"This is an action at law brough by L. A. Wittkamp against his former employer, Tidewater Optical Company, Inc., under section 16 (b) of the Fair Labor Standards Act of 1938 (Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U. S. C. A., secs. 201 *et seq.*), for 'unpaid overtime compensation,' 'liquidated damages,' and a 'reasonable attorney's fee.' The relevant provisions of the Act, which became effective on October 24, 1938, are found in the margin.

"The action originated in a warrant before the civil justice of the city of Norfolk where there was a judgment for the plaintiff. The defendant appealed to the Circuit Court of the city of Norfolk, and upon a trial before a jury there was a verdict of $426.58 for the plaintiff, upon which the trial court entered judgment, together with an attorney's fee

P. (2d) 723; *Beasley* v. *Gottlieb*, 131 N. J. L. 117, 35 A. (2d) 49. Accord: *Bowles* v. *American Stores*, 139 F. (2d) 377. See also, 27 Virginia Law Review, 328.

of $50. The case is before us on a writ of error awarded the defendant employer and its surety.

"The first contention of the employer is that this is a suit 'for penalties and forfeitures incurred under the laws of the United States,' the jurisdiction of which is vested exclusively in the courts of the United States under section 256 of the Judicial Code (28 U. S. C. A., sec. 371).

"Although the Fair Labor Standards Act is of recent origin, the precise question has been frequently presented to the courts. These have been practically unanimous in holding that a suit of this character is not one to enforce a penalty within the meaning of section 256 of the Judicial Code (28 U. S. C. A., sec. 371), and that by providing that an action under section 16 (b) of the Act (29 U. S. C. A., sec. 216 (b) ) 'may be maintained in any court of competent jurisdiction,' Congress intended to confer jurisdiction upon both State and Federal courts."

■ In our opinion the doctrine stated in the *Wittkamp Case* is the applicable doctrine in the case at bar. Our conclusion, therefore, is that section 205 (e) is a remedial statute and the civil court and the circuit court were vested with jurisdiction to determine the controversy. This conclusion renders it unnecessary to engage in a discussion of the point raised, that the statute is purely penal in its nature.

It is further contended that plaintiff had knowledge of the illegal charge exacted and, therefore, the principle of *in pari delicto* should be applied to defeat a recovery.

■ There is no merit in this contention.

We find no provision in section 205 (e), either in terms or by fair implication, which bars plaintiff's action on account of such conduct, even though it be conceded she had such knowledge.

The prevailing rule is well stated in *Zwang* v. *A. & P. Food Stores*, 181 Misc. 375, 46 N. Y. S. (2d) 747. There we read:

"Assuming that the plaintiff consumer had knowledge at the time of paying the excessive charge, that the defendant's ceiling price was illegal, that knowledge is no defense to a

civil action for damages under the Emergency Price Control Act."

There are other assignments of error dealing with the court's giving and refusing instructions, and in refusing to continue the case on motion of defendant.

There is no merit in these assignments of error and it is unnecessary to discuss them.

Upon the whole case, we are of opinion that the merits and the law of the case are with the plaintiff and that the judgment should be affirmed.

*Affirmed.*