## Rosenberg v. Severe et ux.

*Nogi, O'Malley & Harris*, and *James O'Brien*, for plaintiff.

*William P. Farrell*, for defendants.

EAGEN, J., April 6, 1949.—This is an action in assumpsit for treble damages based upon alleged rent

charges in excess of those allowed by the Federal Housing and Rent Act.

Defendants have filed preliminary objections to the complaint which, in the most part, contend that by the payment of rent over the maximum permitted, plaintiff is pari delicto.

The pertinent section of the statute (The Housing and Rent Act of June 30, 1947, 61 Stat. at L. 193, 199, 50 U. S. C. App. §1896(a)) provides as follows:

"It shall be unlawful for any person to offer, solicit, demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under Section 204 (Section 1894 of this appendix) or otherwise to do or omit to do any act in violation of any provision of this title (Sections 1891-1902 of this appendix)."

This clearly makes it unlawful to *offer* rent in excess of the amount permitted. *To offer and to make payment* are two entirely different acts. The statute must be interpreted strictly and in such a manner as to help it live its intended purpose. It was undoubtedly created to protect tenants from landlords who might be inclined to circumvent the rent regulations. To agree with defendants' contention would completely defeat the purpose of the law and render the section thereof imposing civil liability a nullity.

Where contracts and transactions are prohibited by positive statute to protect one set of men from another group who may seek to impose upon them, the parties are not in "pari delicto": Rosenberg v. Hano et al., 121 F. (2d) 818 (CCA 3d).

In similar situations to the one herein presented, many courts have held that even though the party making the illegal payment has guilty knowledge of the fact such knowledge does not prevent recovery.

In Schaubach v. Anderson, 184 Va. 795, 36 S. E. (2d) 539, the court said:

"It is further contended that plaintiff had knowledge of the illegal charge exacted and, therefore, the principle of in pari delicto should be applied to defeat a recovery.

"There is no merit in this contention.

"We find no provision in section 205 (e), either in terms or by fair implication, which bars plaintiff's action on account of such conduct, even though it be conceded she had such knowledge.

"The prevailing rule is well stated in Zwang v. A. & P. Food Stores, 181 Misc. 375, 46 N. Y. S. 2d. 747. There we read:

" 'Assuming that the plaintiff-consumer had knowledge at the time of paying the excessive charge, that the defendant's ceiling price was illegal, that knowledge is no defense to a civil action for damages under the Emergency Price Control Act.' "

See also Young v. Wierenga, 314 Mich. 287, 299, 23 N. W. (2d) 92, 97, wherein it was held:

"However, mere knowledge by the purchaser that the defendant was charging more than the OPA ceiling price for the automobile does not make the plaintiff in pari delicto with the seller, nor does such mere knowledge bar recovery. To so hold would largely nullify the purposes of the act and enable violators to escape civil liability under section 205 (e). In Zwang v. A. & P. Food Stores, 181 Misc. 375, 46 N. Y. Supp. 2d 747, the plaintiff Zwang had purchased food for use or consumption and not 'in the course of trade or business.' The court said: 'Assuming that the plaintiff-consumer had knowledge at the time of paying the excessive charge that the defendant's ceiling price was illegal, that knowledge is no defense to a civil action for damages under the Emergency Price

Control Act. There has always been a judicial aversion to aiding a malefactor in profiting from his own wrong. From this well-founded (a) version has sprung the doctrine that one who is himself a party to an illegal transaction may not obtain the aid of the courts but that, on the contrary, parties in pari delicto will be left in the situation in which they find themselves. This doctrine has no application to the case at bar. The consumer-purchaser commits no offense against the Emergency Price Control Act when he pays an excessive price. One who sells at a price higher than fixed by the regulation is the violator. One who buys at excessive prices is a violator only when the purchase is made "in the course of trade or business". In any event the plaintiff-consumer here was not guilty of any fraud; she had nothing to do directly or indirectly with the fixing of the illegal ceiling price by the defendant or its employees and cannot be considered in pari delicto with the violator of the statute.' See, also Rosenberg v. Hano (C. C. A.) 121 Fed. 2d 818; Lewis v. Nailling, 36 Fed. Supp. 187; Washington & C. R. Co. v. Mobile & O. R. Co., 166 C. C. A. 340, (255 Fed. 12); Deitrick v. Greaney, 309 U. S. 190 (60 Sup. Ct. 480, 84 L. Ed. 694); see, also, note in 120 A. L. R. at p. 1461."

See also Boykin v. Nichols Motor Co., 35 So. (2d) 144 (La.).

Defendants also complain about the lack of specificness in the complaint as to the method of payment and the particular defendant receiving the same. In our opinion, defendants are sufficiently informed by the complaint as to the nature of the cause and given ample facts therein to render an answer on their part necessary.

Therefore, April 6, 1949, the preliminary objections to the complaint are overruled. Defendants are given 10 days in which to answer over,